OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Malkin.
[Cite as Disciplinary Counsel v. Malkin (1994),      Ohio St. 3d      .]
Attorneys at law -- Misconduct -- Indefinite suspension -- Conviction of grand theft and ten counts of tampering with records -- Practicing law while unregistered.
(No. 93-1739 -- Submitted January 5, 1994 -- Decided March 23, 1994.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-11.

On January 6, 1993, the Secretary of the Board of Commissioners on Grievances and Discipline notified this court that repondent, Jack Steven Malkin of Bay Village, Ohio, Attorney Registration No. 0034018, had been convicted in the Court of Common Pleas of Lorain County of grand theft and ten counts of tampering with records, all felonies of the fourth degree. On January 14, 1993, we ordered respondent indefinitely suspended from the practice of law pursuant to Gov. Bar R. V(5)(A)(3).

On February 16, 1993, relator, Office of Disciplinary Counsel, filed a three-count complaint against respondent with the Board of Commissioners on Grievances and Discipline. Count I alleged that respondent had been indicted by the Lorain County Grand Jury on twelve counts of theft in office, one count of grand theft, and twelve counts of tampering with records, and had been convicted of eleven counts, as stated above. All convictions resulted from respondent's having falsified documents to obtain money for work he had not performed after he was appointed to represent indigent criminal defendants. Count II alleged that respondent had been terminated from employment with Hyatt Legal Services for billing for services not performed, not requested by the client, or both. Count III alleged that respondent had paid his attorney registration fees late for the 1985/1987, 1987/1989, and 1989/1991 biennia, but had continued to practice law during the time he was not registered. The complaint charged respondent with violating DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4)

(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in any other conduct that adversely reflects on fitness to practice law), and Gov.Bar R. VI(1) (duty to register as an attorney and pay fees).

On April 19, 1993, relator and respondent filed agreed stipulations, recommendation for sanctions, and waiver of hearing, in which respondent admitted the convictions charged in Count I of the complaint and admitted practicing law while unregistered as charged in Count III of the complaint. Relator then withdrew Count II of the complaint, and the parties jointly recommended a sanction of indefinite suspension from the practice of law and waived hearing. The hearing panel and the Board of Commisioners on Grievances and Discipline both found that respondent had violated DR 1-102 (A) (3), (4), (5), and (6) and Gov. Bar R. VI(1), and recommended that respondent be indefinitely suspended from the practice of law.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.
James M. Burge, for respondent.

Per Curiam. We concur in the findings and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law. Costs taxed to respondent.
                                        Judgment accordingly.
A.W. Sweeney, Douglas, Wright and F.E. Sweeney, JJ., concur.
Moyer, C.J., Resnick and Pfeifer, JJ., dissent and would disbar respondent.